IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nacole Hause, | ) | |
| | ) | Civil Action No. 6:14-cv-4090 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| AstraZeneca, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Nacole Hause ("Hause"), filed this *pro se* action against her former employer, AstraZeneca, LP ("AstraZeneca"), claiming that it committed "assault, slander & libel," retaliation, and created a "hostile and manipulative work environment." (ECF No. 1-1 at 3). AstraZeneca filed a motion to dismiss on the basis of a release signed by Hause. (ECF No. 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., that motion was referred to a magistrate judge for pretrial handling. Because the magistrate judge received various documents from Hause and AstraZeneca, he converted the motion to dismiss into a motion for summary judgment. (ECF No. 20). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the motion for summary judgment. (ECF No. 29). Hause has filed objections and two motions for hearings. (ECF Nos. 28, 32, 33). The court finds that a hearing in this case is unnecessary, and adopts the Report and grants the motion for summary judgment.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the

1

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Hause attached an e-mail from an attorney at Roe Cassidy Coates & Price which states that the attorney spoke with AstraZeneca's "in house counsel to extend [her] signing deadline in order to allow for negotiation of a more favorable severance package." (ECF No. 32-2 at 1). Hause claims that this e-mail supports her view that she did not sign a valid release. (ECF No. 32). However, the e-mail continues on to state that "[o]n June 5, 2014 you emailed us saying you signed the severance around noon the day before." (ECF No. 32-2). Her attorney's e-mail provides evidence that Hause signed a valid release.

The court finds that the remaining arguments by Hause merely repeat her arguments raised to the magistrate judge. The court finds that the magistrate judge thoroughly discussed whether a valid release was signed, and whether that release was revoked. The court finds that Hause voluntarily signed a valid waiver, and she did not revoke that waiver, as is evidenced by her failure to write to AstraZeneca stating she revoked her signature in accordance with the requirements of revocation provision contained in the agreement and by her decision to keep the benefits under the agreement. And the court finds that the allegations in the complaint are covered by the release.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 29) and incorporates it herein. It is therefore **ORDERED** that AstraZeneca's motion to dismiss that was converted into a motion for summary judgment (ECF No. 11) is **GRANTED**. The motions for a hearing (ECF Nos. 28, 33) are **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

April 2, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.